**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN O. PINEDA, : | |
| : | |
| Plaintiff, : | **Civil Action No. 11-5191 (SRC)** |
| : | |
| v. : | **OPINION** |
| : | |
| WEST ASSET MANAGEMENT, INC., : | |
| : | |
| Defendant. : | |
| : | |

**CHESLER**, District Judge

     This matter comes before the Court on the motion by Defendant West Asset Management, Inc. ("Defendant" or "West") for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) [docket entry 7]. Plaintiff Edwin O. Pineda ("Plaintiff" or "Pineda") has opposed the motion. The Court opts to rule on the instant motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. It has considered the papers filed by the parties, and for the reasons discussed below, will dismiss the entire Complaint without prejudice.

## I.   BACKGROUND

    This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Plaintiff Pineda is a resident of Hudson County New Jersey. According to the

Complaint, Defendant West is a "debt collector" as that term is defined in the FDCPA.  The

Complaint alleges that a letter sent by West to Pineda in an attempt to collect a debt from him

was deceptive in two respects: (1) the letter states that Barclays Bank Delaware "has assigned"

the account to West, deliberately making it unclear to the consumer whether Barclays Bank

Delaware still owned the purported debt and (2) the letter misrepresented the amount owed,

assuming a debt does exist.  The Complaint also alleges that West failed to validate the entire

debt.  These actions by West, the Complaint avers, constituted violations of the FDCPA,

specifically 15 U.S.C. § 1692j(a) and 15 U.S.C. § 1692e(2).


## II.   DISCUSSION

### A.   Legal Standard

Defendant challenges the sufficiency of the pleadings under Federal Rule of Civil

Procedure 12(c).  Rule 12(c) permits a party to move for judgment on the pleadings "after the

pleadings are closed – but early enough not to delay trial."  Fed.R.Civ.P. 12(c).  Though

procedurally it applies later in a case than a Rule 12(b) motion, which may be filed in lieu of a

responsive pleading, a motion brought under Rule 12(c) for failure to state a claim upon which

relief may be granted is governed by the same standard applicable to Rule 12(b)(6) motions.

Turbe v. Gov't of the V.I., 938 F.2d 427, 428 (3d Cir. 1991).

The issue before the Court on a motion challenging the sufficiency of a complaint under

Rule 12(b)(6), and thus the issue pertinent to a Rule 12(c) motion, "is not whether plaintiff will

ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims."

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v.

Rhodes, 416 U.S. 232, 236 (1974)).   To make that determination, the Court must employ the

standard of review articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly and

Ashcroft v. Iqbal.  A complaint will survive a motion under Rule 12(b)(6) only if it states

"sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its

face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic v. Twombly, 550

U.S. 544, 570 (2007)).  The pleading standard imposed by Federal Rule of Civil Procedure 8(a)

will be met if the complaint "pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S.

at 556.)  While the complaint need not demonstrate that a defendant is *probably* liable for the

wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do.

Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557.  The Third Circuit, following Twombly and

Iqbal, has held that Rule 8(a) "requires not merely a short and plain statement, but instead

mandates a statement 'showing that the pleader is entitled to relief.'" Phillips v. County of

Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). This showing must be made by the facts alleged.

Id.  As in a Rule 12(b)(6) motion, the Court is limited in its review under Rule 12(c) to a few

basic documents: the complaint, exhibits attached to the complaint, matters of public record, and

undisputedly authentic documents if the complainant's claims are based upon those documents.

See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

   **B.     Analysis**

   Congress enacted the FDCPA "to eliminate abusive debt collection practices."  15 U.S.C.

§ 1692(e).  Persons aggrieved by a debt collector's violation of any one or more of the statutory

requirements may seek legal redress pursuant to the private cause of action created by the statute.

3

15 U.S.C. § 1692k.   The Third Circuit has held that "lender-debtor communications potentially giving rise to claims under the FDCPA . . . should be analyzed from the perspective of the least sophisticated debtor." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quotation omitted).   Although the "least sophisticated debtor" standard is a low standard, it "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Wilson v. Quadramed Corp., 225 F.3d 350, 354-55 (3d Cir. 2000).   "Even the least sophisticated debtor is bound to read collection notices in their entirety." Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 299 (3d Cir. 2008).

Defendant argues that none of the three alleged violations of the FDCPA have been plausibly stated by the Complaint for failure to allege facts that demonstrate, assuming the facts are true, that Plaintiff is entitled to relief.   The Court will review each one in turn.

1.    Statement that debt "assigned to" West

Plaintiff avers that the collection letter West sent him violated 15 U.S.C. § 1692j by stating that Barclays Bank Delaware "assigned" the account to West and was thus allegedly designed to deceive the debtor as to whether Barclays Bank Delaware still owned the debt which West sought to collect.   The FDCPA provision invoked by Pineda states as follows:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

15 U.S.C. § 1692j(a).   The provision, in other words, prohibits forms that create the false impression that some third party, other than the creditor, is involved in the collection of the debt

4

at issue.  Orenbuch v. North Shore Health Sys., Inc., 250 F. Supp. 2d 145, 149-150 (E.D.N.Y. 2003).  It is designed to address the abusive practice known as "flat-rating," in which a collection agency sells to creditors 'dunning letters' bearing the agency's letterhead but is not actually involved in the collection of the debt, thus giving the debtor a misleading sense of urgency regarding payment.  Id. at 150; see also Anthes v. Transworld Sys. Inc., 765 F. Supp. 162, 167-68 (D.Del. 1991) (citing and quoting FDCPA legislative history).

In the Complaint, however, Plaintiff does not allege any fact that would support his theory that an entity other than the true creditor was involved in the collection of the debt. The Complaint merely alleges that by stating that Barclays Bank Delaware had "assigned" the account to West, the letter "obfuscated" whether Barclays remained the creditor of the debt. Even under a "least sophisticated debtor" standard, it is impossible to conclude that this letter, as alleged, created the false impression that a party other than the creditor was attempting to collect the debt when such a person was not in fact participating.  The Complaint does not aver that West had not actually been retained by the creditor to pursue the debt or was otherwise not actually involved in the effort to collect the debt allegedly owed by Pineda.  The Complaint, in short, fails to allege facts that would plausibly state a flat-rating claim under § 1692j.

In his opposition brief, Plaintiff attempts to expand on the insufficient, and conclusory allegation that the letter misleadingly stated or even suggested that "a person other than the creditor . . . is participating in the collection" of a debt.  He states in his brief that "on information and belief, the original creditor, Barclays Bank Delaware (Barclays) sold this debt and was no longer the creditor . . . ."  (Pl. Br. at 1.)  The Complaint itself does not, however, aver that West misrepresented the identity of the then-current creditor at the time the collection letter

5

was sent and/or that Barclays had, by that time, sold or otherwise transferred rights over the debt owed by Pineda.[1]  Of course, it is well-established that a party cannot amend his complaint in a brief submitted in opposition to a motion to dismiss.  Federico v. Home Depot, 507 F.3d 188, 201-02 (3d Cir. 2007).  Moreover, even if such additional facts had been pled in the Complaint, the Court questions whether the Complaint would state a claim for violation of § 1692j(a), as this provision "only applies to situations were a third party provides a creditor with dunning letters." Anthes, 765 F. Supp. at 168.

Nevertheless, consistent with the Third Circuit's instruction, the Court will dismiss Plaintiff's § 1692j claim without prejudice.  Phillips, 515 F.3d at 236 (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.").

2.    Misrepresentation of amount of debt

The Complaint charges that West "is liable under FDCPA 15 U.S.C. § 1692e(2) for misrepresenting the amount owed on the alleged debt."  (Compl. at 2.)  The statute provides, in relevant part, as follows: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including specifically the

---

[1] If the gravamen of Plaintiff's claim is, in fact, that Defendant's use of the term "assigned" in reference to the placement of the account with West to collect the debt was deceptive because West was never given legal ownership and control of the debt, Defendant is correct in asserting that, in context, the use of the term "assigned" would not be interpreted by the least sophisticated consumer as constituting a transfer to West of all rights and claims regarding the debt, as opposed to merely expressing that Barclays had retained it to pursue the debt.  See, e.g., Bieber v. Assoc. Collection Svcs., Inc., 631 F. Supp. 1410, 1414-15 (D. Kan. 1986).

"the false representation of . . . the character, amount, or legal status of any debt."  15 U.S.C. §

1692e(2)(A).  As Defendant argues, however, the Complaint fails to allege a single fact in

support of this claim.  Plaintiff gives no indication of what the alleged misrepresentation was.

He fails to allege the inaccurate contents of the collection letter, what amount West asserted as

the debt owed, and/or what Plaintiff considered the actual amount owed as of the date of the

collection letter.  Instead, he bases the claim for relief on the sole and conclusory allegation that

West "misrepresented the amount owed."  (Compl. at 2.)  It is clear from Iqbal, however, that

such "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice to state a

claim under the Federal Rules of Civil Procedure.  Iqbal, 129 S.Ct. at 1949.  Indeed, Plaintiff's

allegation does nothing more than parrot the language of the statute, without providing any

substantive fact in support of his contention that West failed to comply with § 1692e of the

FDCPA.

    The jurisprudence of examining a Complaint for sufficiency under Rule 12(b)(6) is clear,

and as stated by the Court above, that standard applies with equal force to the review of a

Complaint under Rule 12(c).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of

his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do.  Twombly, 550 U.S. at 555 (citation omitted).

Legal conclusions are not entitled to the assumption of truth, and a complaint cannot surmount a

Rule 12(b)(6) challenge without containing "enough facts to raise a reasonable expectation that

discovery will reveal evidence of the necessary element."  Phillips, 515 F.3d at 234; see also

Iqbal, 129 S.Ct. at 1949 ("the tenet that a court must accept as true all of the allegations

7

contained in a complaint is inapplicable to legal conclusions.").  Accordingly, Plaintiff's claim

for relief predicated on West's alleged violation of § 1692e will be dismissed without prejudice.

> 3.    <u>Failure to validate debt</u>

Plaintiff avers that West failed to comply with its statutory obligation "to validate the

entire debt" in question.  Though the Complaint does not indicate what provision of the FDCPA

has allegedly been violated, West's brief in support of this motion to dismiss directs the Court to

15 U.S.C. § 1692g, which deals with the validation of debts.  Section 1692g, among other things,

imposes on the debt collector a requirement to provide certain information in writing to the

consumer and gives the consumer the right to dispute a debt and request verification of the debt

within a prescribed time period.  15 U.S.C. § 1692g(a) & (b).  The Complaint does not suffice to

state with any plausibility that West might be liable for non-compliance with this provision, as it

fails to allege a single fact concerning how West's conduct contravened its obligations under §

1692g.  It alleges that "when given the chance to validate the debt pursuant to counsel's debt

validation request, West Asset Management failed to validate the entire amount."  (Compl. at 2.)

This allegation, quite simply, does not give Defendant "fair notice" of the grounds upon which

Plaintiff's claim rests, as required by Rule 8(a).  <u>Twombly</u>, 550 U.S. at 555.  Again, a legally

sufficient claim requires more than a conclusory allegation, and this Complaint does not

adequately plead a violation of the FDCPA's validation requirements merely by asserting those

requirements have been violated.  <u>Id.</u>  This claim will also be dismissed without prejudice.

8

### III.    CONCLUSION

For the foregoing reasons, the Court will dismiss the entire Complaint without prejudice for failure to meet the pleading standard of Federal Rule of Civil Procedure 8(a).  However, because the Court cannot discern from the submissions before it on this motion to dismiss whether an amendment to the Complaint would cure the deficiencies indicated above, the Court will not automatically grant Plaintiff leave to amend.  See Phillips, 515 F.3d at 236; see also Foman v. Davis, 371 U.S. 178 (1962) (holding that while leave to amend under Rule 15(a) should be freely given, it may be denied based on, among other reasons, the futility of the proposed amendment).  Plaintiff may instead file a motion for leave to amend the Complaint, which will give the parties the opportunity to brief the issue of whether the proposed amendment would be futile. An appropriate form of Order will be filed.

   s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: December 20, 2011